UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY GONYEA,

    Petitioner,   Case No. 15-10268
                                         HON. AVERN COHN

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA (Doc. 1)

### I. Introduction

This is a case under 28 U.S.C. § 1651. Petitioner Jerry Gonyea (Petitioner) is serving a sentence of 351 months following his conviction on bank robbery and firearms charges. Before the Court is Petitioner's petition for a writ of audita querela, essentially arguing that that he is entitled to relief based on the Supreme Court's decisions in Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012).[1] For the reasons which follow, the petition will be denied.

### II. Background

In 1994, Petitioner and an accomplice robbed two banks during which defendant brandished firearms and terrorized those present, including children, with threats of death. Petitioner was also on state parole at the time of the offenses. Petitioner initially plead guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony, in violation

---

[1] In these cases, the Supreme Court held that a criminal defendant is entitled to the effective assistance of counsel during the plea bargaining stage, and that counsel must convey any plea offers made by the prosecution to the defendant.

of 18 U.S.C. § 924(c).  Following protracted pre-trial proceedings, during which Petitioner withdrew his plea and attempted, unsuccessfully, to pursue a diminished capacity defense, Petitioner again plead guilty in 1996 to the same four counts.  The Rule 11 agreement called for a sentence at the bottom end of the guidelines, 351 months.  Petitioner also reserved the right to appeal the preclusion of his diminished capacity defense.  As noted above, the Court sentenced Petitioner to 351 months.  Petitioner appealed, arguing that he should have been allowed to present a diminished capacity defense. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction.  United States v. Gonyea, 140 F.3d 649 (6th Cir. 1998).

Over twelve years later, on August 25, 2010, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he challenged his sentence under § 924(c).  The Court denied the motion on October 28, 2010.  See Doc. 106 in Case No. 94-80346.  Thereafter, almost two years later, on August 16, 2012, Petitioner filed a motion under § 2255, challenging the computation of his sentence and raising complaints regarding the conditions of his confinement.  The Court denied the motion. See Doc. 116 in Case No. 94-80346.

Now before the Court is the present petition for a writ of audita querela. Petitioner argues that:  (1) the holdings of Frye and Cooper should apply to his case, (2) trial counsel was ineffective for misadvising Petitioner regarding the prospects of raising certain defenses at trial, (3) his sentence is too long, and (4) he has failed to receive sentencing credit for time served in the state system.

III.  Analysis

A.

The writ of audita querela is a common-law writ that affords relief only in very limited circumstances in criminal cases.  It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued."  Carrington v. United States, 503 F.3d 888, 890 n. 2 (9th Cir. 2007); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (emphasis added).  Where the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, audita querela is only a possible remedy where the petitioner is "factually or legally innocent as a result of a previously unavailable statutory interpretation."  In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997).

B.

Petitioner clearly has legal, rather than factual, objections to his conviction.  The petition rests on a substantive legal argument about whether new Supreme Court cases entitle him to relief and whether other legal errors occurred during his criminal proceeding.  This is a clear indication that Petitioner is actually seeking a writ of habeas corpus, rather than a writ of audita querela.  As such, relief is not available.  See United States v. Herrera, 216 F. App'x 809, 811 (10th Cir. 2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than audita querela); Shelton v. United States, 201 Fed. Appx. 123, 124

3

(3d Cir. 2006) ("For claims that are cognizable in a § 2255 motion, the writ of audita querela is not available. In particular, the writ cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions.") (citations omitted).  That is, because Petitioner already filed a post-conviction motion under § 2255, absent permission from the Sixth Circuit, he cannot file a second motion.  See § 2255(h).

Finally, based on Sixth Circuit precedent, it appears that there is also a further limitation on the availability of audita querela relief that would preclude Petitioner from obtaining the writ.  In Frost v. Snyder, 13 F. App'x 243, 245 n. 1 (6th Cir. 2001), the Sixth Circuit said that a writ of audita querela "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody."  Id. (quoting Ira P. Robbins, The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond, 6 GEO. IMMIGR. L.J. 643 (1992)). Petitioner has not finished serving the sentence imposed by the Court in 1998.  Thus, he cannot obtain a writ of audita querela, even were there no other roadblocks to his obtaining the writ.

### IV.  Conclusion

For the foregoing reasons, petition is DENIED.  This case is DISMISSED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2015
       Detroit, MI

15-10268, Gonyea vs. United States

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 27, 2015, by electronic and/or ordinary mail.

<u>S/Sakne Chami</u>
Case Manager, (313) 234-5160